[Cite as *Hughes v. Warren Corr. Inst.*, 2011-Ohio-6965.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARVIN HUGHES

    Plaintiff

    v.

WARREN CORRECTIONAL INSTITUTION

    Defendant

Case No. 2011-07893-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1}    Plaintiff, Marvin Hughes, an inmate incarcerated at defendant, Warren Correctional Institution (WCI), filed this complaint maintaining that WCI personnel honored two forged $75.00 cash withdrawal slips and consequently withdrew that amount from his inmate account. Plaintiff related that "[t]hey were signed by Sgt. J. Maggard but Sgt. Maggard says he doesn't recall signing. * * * Following an investigation it was found that [the payee] was the girlfriend of inmate Powell who was in position to forge the cash slips. He was a trustee in segregation. That is where the incident occurred from. Powell has since transferred to Lucasville prison."

{¶2}    Plaintiff denied having any knowledge of the forgery and denied signing the forged instrument. Consequently, plaintiff filed this action contending that he suffered damages as a result of defendant's act in honoring a forged instrument. Plaintiff seeks recovery of damages in the amount of $150.00, representing the amount improperly withdrawn and not replaced in his inmate trust account. Payment of the filing fee was waived.

{¶3}  Plaintiff submitted copies of the forged withdrawal slips; one was dated March 10, 2011, the other was not dated.  Under the signature line on the slip appears plaintiff's name in cursive writing.  The trier of fact finds that the inmate's signature does not match the signature submitted with plaintiff's complaint. Both cash slips were designated as approved by "J. Maggard." The slips also contain a witness line designated for the signature of a WCI employee.  The signature appearing on the witness line is essentially illegible.

{¶4}  Defendant denied liability and contended that WCI personnel did not negligently permit another inmate to misappropriate plaintiff's funds.  Defendant relied on the assertions of Sgt. Maggard who maintained that he "always checks identifications before signing cash slips."  In a report prepared by Investigator Greg Craft regarding several incidents of fraudulent cash slips reported by inmates Davis, Yett, and Hughes, having occurred during March 2011, Craft noted that the "names and addresses of the individuals that were sent checks from WCI were researched through the DOTS portal system and the only match was for [a visitor] for inmate Powell 509-664.  Powell was recently transferred from WCI to SOCF but prior to his transfer was in segregation with the other inmates involved in this incident."  In addition, in an incident report prepared by WCI Account clerk supervisor Venus Lanman, she noted that inmate Davis had complained about the money that was removed from his account while he was in segregation.  Lanham pointed out that she compared a cash slip Davis had signed for a prior withdrawal with the alleged forgeries and noted that  the "signatures by the inmate appear to be different."  Nonetheless, Craft opined that WCI was not negligent in that Sgt. Maggard attested that he signed the cash slips after he had confirmed the identities of the inmates.

{¶5}  Plaintiff filed a response essentially reiterating the allegations in his complaint.

CONCLUSIONS OF LAW

{¶6}  The mere allegation that a theft occurred is insufficient to show defendant's negligence.  *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425.  Plaintiff must show that defendant breached a duty of ordinary or reasonable care.  *Williams.*

{¶7}  Defendant is not responsible for actions of other inmates unless an

agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶8} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶9} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶10} Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶11} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶12} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. In the instant action, the trier of fact finds the statements offered by plaintiff to be credible.

{¶13} Defendant may bear liability for failure to properly monitor an inmate plaintiff's account by either failing to record deposits or in making unauthorized withdrawals. See *Nelms v. Southeastern Corr. Inst.*, Ct. of Cl. No. 2007-01401-AD, 2007-Ohio-7087. Plaintiff, in the instant action, has submitted sufficient evidence to prove that defendant acted improperly in handling the funds in his inmate account. In addition, evidence supports the conclusion that defendant failed to protect or recover the funds from plaintiff's account.

{¶14} Plaintiff has proven that he suffered damages in the amount of $150.00. See *Lonero v. Lebanon Corr. Inst.*, 2009-01719-AD, 2009-Ohio-6359.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARVIN HUGHES

    Plaintiff

    v.

WARREN CORRECTIONAL INSTITUTION

    Defendant

Case No. 2011-07893-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $150.00. Court costs are assessed against defendant.

        DANIEL R. BORCHERT
        Deputy Clerk

Entry cc:

Marvin Hughes, #557-708
P.O. Box 120
Lebanon, Ohio  45036

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

9/1
Filed 9/21/11
Sent to S.C. reporter 1/27/12